NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0782n.06

No. 07-4536

**FILED**

**Dec 11, 2009**

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| MIGED YISRAEL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  MARTIN and ROGERS, Circuit Judges, and REEVES, District Judge.[*]

ROGERS, Circuit Judge.  In this direct appeal, defendant Miged Yisrael raises two claims of ineffective assistance of counsel.  Because these ineffective assistance claims are better left for resolution on collateral review, affirmance is warranted without reaching these claims.

In 2002, the Government filed civil forfeiture actions against money and personal property seized in searches of real property associated with Yisrael.  The Government alleged that these items were subject to forfeiture because they were associated with Yisrael's illegal drug distribution activities.  Yisrael's wife, represented by attorney Daniel O'Brien, contested the Government's forfeiture efforts by claiming the seized items as her own.  In 2004, while the forfeiture actions were still ongoing, Yisrael was charged with drug distribution and illegal possession of firearms, and he was appointed counsel.  Yisrael's representation by appointed counsel was terminated a few weeks

---

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

later after O'Brien noted his appearance in Yisrael's criminal case. The forfeiture actions were resolved by agreed order, and Yisrael pled guilty to two of the crimes alleged. Yisrael obtained new counsel, Leo Mulligan, and moved to withdraw the guilty plea on the grounds that O'Brien did not adequately explain to Yisrael the statutory mandatory sentences involved and that Yisrael had wished to pursue a motion to suppress. The district court denied Yisrael's motion. On appeal, Yisrael asks this court to vacate his guilty plea and reverse his convictions on the ground that O'Brien rendered ineffective assistance by engaging in multiple and successive representation of Yisrael in the criminal action and Yisrael's wife in the civil forfeiture action. Yisrael argues that O'Brien's opposition to the Government's forfeiture efforts was attributed to Yisrael and resulted in less favorable terms in his plea agreement. Yisrael also alleges that Mulligan rendered ineffective assistance when he failed to move to withdraw Yisrael's guilty plea based on O'Brien's alleged conflict.

"The usual rule is that a defendant may not raise claims for ineffective assistance of counsel on direct appeal. Rather, the . . . preferable route for raising an ineffective assistance of counsel claim is in a post-conviction proceeding under 28 U.S.C. § 2255, whereby the parties can develop an adequate record." *United States v. Sullivan*, 431 F.3d 976, 986 (6th Cir. 2005) (internal citations and quotations omitted). "When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504-05 (2003). "The appellate court may have no way of

knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse. . . . And evidence of alleged conflicts of interest might be found only in attorney-client correspondence or other documents that, in the typical criminal trial, are not introduced." *Id.* at 505. "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.* at 504. Because the present record is not adequate to address Yisrael's ineffective assistance claims, the court declines to rule on those claims at this time.

This case does not present one of the rare instances in which a defendant can establish ineffective assistance of counsel based on the record on direct appeal. Even assuming that O'Brien actively represented conflicting interests such that Yisrael need not show "probable effect upon the outcome," *see Mickens v. Taylor*, 535 U.S. 162, 166 (2002), the current record is not sufficient for Yisrael to establish an actual effect on the adequacy of the representation, the lesser prejudice requirement for a conflict-based ineffective assistance claim, *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980). Therefore, the current record is not sufficient for the court to determine whether O'Brien rendered ineffective assistance in representing Yisrael.

Because the current record is not sufficient for the court to determine whether O'Brien rendered ineffective assistance due to an alleged conflict of interest, the current record likewise is not sufficient for the court to determine whether Mulligan rendered ineffective assistance when he did not raise O'Brien's alleged conflict as a basis for withdrawing Yisrael's guilty plea. Therefore, we decline to rule on these claims and **AFFIRM** the district court's judgment.