NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0671n.06

No. 20-3132

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| KWASI OPPONG, | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, CLAY, and GRIFFIN, Circuit Judges

GRIFFIN, Circuit Judge.

Defendant Kwasi Oppong pleaded guilty to conspiracy to commit money laundering with the benefit of a plea agreement. After accepting Oppong's guilty plea, the district court imposed an eighteen-month term of imprisonment to be followed by three years' supervised release. Defendant now appeals his conviction on grounds that his trial counsel rendered ineffective assistance during pre-plea proceedings by failing to request an interpreter, failing to spend adequate time meeting with him to discuss his case, and for allegedly promising that he would receive probation if he pleaded guilty.

However, this court has "adopted a general rule that a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal." *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012) (citation, internal quotation marks, and alterations omitted). This is because "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and

the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Accordingly, the "preferable route for raising an ineffective assistance of counsel claim is in a post-conviction proceeding under 28 U.S.C. § 2255, whereby the parties can develop an adequate record." *United States v. Sullivan*, 431 F.3d 976, 986 (6th Cir. 2005) (internal citation and quotation marks omitted).

"This case does not present one of the rare instances in which a defendant can establish ineffective assistance of counsel based on the record on direct appeal." *United States v. Yisrael*, 355 F. App'x 933, 934 (6th Cir. 2009). As the record presently stands, Oppong has no evidentiary support for his claims regarding his counsel's pre-plea performance. Accordingly, we decline to review defendant's undeveloped ineffective assistance claims and affirm the judgment of the district court.